June Term,
1861.

BUCKSTAFF
v.
HANVILLE.

---

## BUCKSTAFF vs. HANVILLE.

When the last day of the twenty days given by statute for taking an appeal from the judgment of a justice of the peace, falls on Sunday, that day is to be excluded in the computation of the time, and the appeal may be taken on the following Monday.

APPEAL from the County Court of *Winnebago* County.

The plaintiff obtained a judgment against the defendant, in an action before a justice of the peace, on the 9th of July, 1860, and the defendant appealed from the judgment to the

June Term,
1861.

BUCKSTAFF
v.
HANVILLE.

county court on Monday, the 30th of the same month. The plaintiff moved the court to dismiss the appeal for want of jurisdiction, because the same was not taken within the twenty days allowed by law; and the court made an order dismissing the appeal, from which the defendant appealed to this court.

*Freeman & Jackson*, for appellant, cited R. S., chap. 140, sec. 34; chap. 120, sec. 4; *Easton vs. Chamberlin*, 3 How. Pr. R., 412; *Taylor vs. Corbiere*, 8 id., 385; *Truax vs. Clute*, 7 N. Y. Legal Obs., 163.

*Bouck & Edmonds*, for respondent, argued that when the time fixed by the statute for doing an act exceeds a week, and the last day falls on Sunday, the act must be done on the preceding Saturday (*Ex parte Dodge*, 7 Cow., 147; 2 Hill, 375, note b; *Alderman vs. Phelps*, 15 Mass., 225); and that sec. 34, chap. 140, R. S., does not apply to proceedings in justices' courts, but only to those in courts of record.

June 18.

*By the Court*, DIXON, C. J. The question is, where the last day of the twenty given by statute (sec. 205, chap. 120, R. S.) for taking an appeal from the judgment of a justice of the peace, falls on Sunday, whether a party desiring to appeal may do so on the following Monday? The statute authorizing the appeal confers no such right. It is claimed by virtue of section 34, chapter 140. That chapter is entitled " Of Miscellaneous Proceedings in Civil Actions, and General Provisions." The section provides that " the time within which an act is to be done as herein provided, shall be computed by excluding the first day and including the last; if the last day be Sunday, it shall be excluded." The act of taking such appeal is fairly within the language of the title and the reason by which the legislature were induced to make this general regulation as to the computation of time, but the words of the section may be so construed as to exclude it. It is within the spirit though not strictly within the letter of the rule. In tracing the history of the section we find that it was originally introduced as a part of the Code of Procedure. It constituted chapter 10 of title 12 of the Code. Code, sec. 310. The Code was enacted

and became the law of this state as chapter 120, Laws of
1856. It professed to regulate the manner of conducting all
civil actions and proceedings whatsoever. It prescribed the
time and mode of reviewing the judgments of justices of the
peace. Sections 254 to 274. Its provisions upon that subject were substantially the same as those now in force. There can be no doubt therefore that at that time and up to the late revision, the legislature intended the regulation to apply to the act of taking such appeal. In the revision, which was conducted by commissioners appointed for that purpose, the Code, instead of being re-enacted as a whole, was separated, and its various provisions distributed through the statutes at large in such a manner and under such heads as the commissioners deemed most convenient and proper. In doing this, section 310 became the section under consideration. Does the transposition, which for our present purposes may be regarded as altogether accidental, furnish any certain or satisfactory evidence that the legislature intended to limit or change the application? It seems clear to us that it does not; and as the language may still be reasonably construed to apply to such act of appeal, we think it is our duty so to construe it. The right of appealing from the decisions of courts of inferior and limited jurisdiction is favored in the law; and statutes conferring it are to be construed so as to facilitate rather than impede its exercise.

The order of the county court dismissing the appeal is therefore reversed, and the cause remanded for further proceedings according to law.