## SMITH VS. SMITH.

Under section 38, ch. 125, R. S., a party who has failed to file exceptions to the report of a referee (to whom the cause was referred for trial), within the ten days allowed by statute (sec. 14, ch. 264, Laws of 1860), may be permitted, by order of court, to file his exceptions subsequently upon satisfactorily excusing his failure.

The provisions of the Code of Procedure, now scattered through the Revised Statutes, are to receive the same interpretation as when the Code constituted one act or chapter.

APPEAL from the Circuit Court for *Milwaukee* County.

*Butler* & *Cottrill*, for the plaintiff.

*D. G. Rogers* (with *O. H. Waldo*, of counsel), for the defendant.

*By the Court*, DIXON, C. J. Cross appeals from the judgment of the circuit court for the county of Fond du Lac, denying the parties a divorce from the bond of matrimony. The plaintiff filed her complaint and demanded a divorce on the ground of the adultery of the defendant. The defendant denied the charge and recriminated, himself demanding a divorce on account of the adultery of the plaintiff. The circuit court denied the relief and dismissed the action because the charge was established against neither. We affirm the judgment, but for the very opposite reason. We have read the six hundred manuscript pages of evidence, and the arguments of counsel, and are satisfied that both plaintiff and defendant are guilty. The particular reasons for this conclusion, and our views of the evidence, can have little interest with the parties, except it be that we do not express them, and are certainly

of no moment to the profession. We enter upon no discussion of the facts.

A question of practice is made upon the manner in which the defendant's exceptions to the report of the referee were taken and filed. The statute, sec. 14, ch. 264, Laws of 1860, authorizes exceptions in writing to the facts found by the referee, or to his conclusions of law thereon, or to both, to be filed within ten days after written notice .of the filing of the report. The defendant's attorney, having failed to do so, moved the court, upon notice to the plaintiff and upon affidavits satisfactorily excusing the failure, for leave to file the exceptions after the expiration of the ten days, which was allowed. For the plaintiff it is insisted that the statute is peremptory, and that there is no power in the court to permit exceptions to be filed after the expiration of the time. For the defendant it is claimed that the power exists and was rightfully exercised under sec. 38, ch. 125, R. S. We are of this opinion. This section was originally section 82 of the Code of Procedure, Laws of 1856, ch. 120. We have repeatedly held that these provisions of the code now scattered through the Revised Statutes by the revision of 1858, are to receive the same interpretation as when the code constituted one act or chapter. *Buckstaff v. Hanville*, 14 Wis., 77 ; *State v. Messmore*, id., 115. Construed in this manner, and the limitation supposed to be implied from the words " this chapter" rejected, there can be no doubt about the power of the court to enlarge the time, or relieve the party from the difficulty occasioned by his mistake or inadvertence.

Judgment affirmed.

DOWNER, J., did not sit in this case, having been of counsel.