STATE *ex rel.* KNOX vs. HUNDHAUSEN, Treasurer, etc.

*Constitutional law — Tax deeds.*

1. Chapter 113, Laws of 1867 (which prohibits the issue of a tax deed, unless a certain notice has been served on the occupant or owner of the land by the holder of the certificate, at least three months previously), is invalid as to cases in which tax deeds were due *before* its passage.
2. Said chapter applies to deeds issued by *city* as well as *county* officers.

APPEAL from the Circuit Court for *Milwaukee* County.

This was an application to compel *Hundhausen*, as treasurer of the city of Milwaukee, to issue a tax deed to the relator for land in said city struck off to the city at a sale for city taxes made by the treasurer thereof in October, 1863; the certificate of sale having been indorsed and transferred to the relator in January, 1868. The affidavit of the relator, upon which an alternative writ issued, showed a demand for a tax deed on said certificate, made by the relator in June, 1868, but did not show a compliance with the provisions of chapter 113, Laws of 1867, in regard to service of a notice of the application for a tax deed upon the owner or occupant of the land, three months before the deed should be issued; and on

State ex rel. Knox vs. Hundhausen.

the defendant's motion, the writ was quashed. The relator appealed from the order.

*Fraser & McWhorter,* for appellant, argued that the general statutes of this state as to taxation relate only to taxes for town, county and state purposes, and have no relation to municipal taxation, unless made applicable by express words of reference in the general statute, or expressly or impliedly adopted by the charters regulating taxation for municipal purposes. Blackw. on Tax Tit., 84; *Shoalwater v. Armstrong,* 9 Humph. 217; *Mayor, etc., of Troy v. Mutual Bank,* 20 N. Y. 387; *Am. Transp. Co. v. City of Buffalo,* id. 388; *S. C.,* 23 Barb. 272. 2. Chapter 113, Laws of 1867, so far as it relates to certificates issued on prior tax sales, is void, as impairing the obligation of contracts. Const. U. S. art. 1, § 8; Const. Wis. art. 1, § 12; 4 Gilm. 221 (275); 13 Wis. 341 (345); 17 id. 556 (559); 11 id. 353 (371); Smith's Com. § 218; Story on Cons. § 1385, and cases there cited.

*D. G. Hooker,* for respondent, argued that the legislature may make any regulation relating to contracts which does not affect the substantial rights of the parties. The act in question operates to effect such a regulation. It affects the remedy, and does not impair the obligation of the contract. *Lain v. Shepardson,* 18 Wis. 59; *Von Baumbach v. Bade,* 9 id. 559; *Van Rensselaer v. Snyder,* 3 Kern. 299.

PAINE, J. This was an application for a *mandamus* to compel the treasurer of the city of Milwaukee to issue a tax deed. It is not denied that the application is sufficient, unless the non-compliance with the requirements of chapter 113, Laws of 1867, which appears on the face of the relation, is a sufficient reason for refusing the writ. It is not denied that it would be a good reason, if that act is applicable to the certificate on which this deed is claimed. But the appellant's counsel urges that it is not applicable, for two reasons. The first is, that it is

not applicable to the issuing of deeds by *city* officers at all, but relates only to *county* officers. But the language of the act is broad and general, and includes all tax deeds, without restriction or exception. It is a remedial statute, and its policy seems wise and beneficent. The issuing of tax deeds by city officers is as much within the mischief sought to be guarded against, as is their issuing by county officers. Unless, therefore, there were some stronger reason for limiting its application to the action of county officers than is to be derived from the provision at the end of section 1, requiring the affidavit of the service of the notice to be filed with the clerk of the board of supervisors, I should not feel warranted in attempting to establish such a limitation.

But it is said further, that it is unconstitutional to apply this act to the certificate here in question, for the reason that it would impair the obligation of the contract; and this objection I am compelled to sustain.

This certificate was issued in October, 1863, and the act not having been passed until April, 1867, the deed was due upon the certificate before the passage of the law. Of course, the validity of the act with respect to sales made subsequent to its passage, is not disputed. It may be, also, that it would be held valid as to sales made previous to its passage, but as to which there was a reasonable opportunity furnished to the holders of the certificates to comply with its provisions in time to obtain their deeds when they would otherwise have become due. It is unnecessary here to express any opinion upon such a case, as it is not presented.

But here the deed was already due when the law was passed. It was due by the terms of the contract of sale. It seems, therefore, very obvious, that for the legislature to say that the party shall not have any deed until he proves that he has served a notice upon the owner or occupant of the premises at least three months prior to demanding the deed, interferes

directly with the terms of the contract, and impairs its obliga-
tion. This, it would seem, would scarcely be denied if it was
attempted to apply such an act to mere private contracts.
Suppose the legislature should say that wherever any party is
now bound by contract to execute a deed of lands to another,
such other shall not be entitled to such deed until three months
after he has made a demand of it; or, where any money is now
due by contract, the person who would otherwise be entitled
to it, shall have no right to receive it until six months after a
demand. It would scarcely be claimed that such laws were
of any validity. Yet I can see no difference in principle
between them and the present law, so far as it is sought to be
applied to deeds that were already due at its passage. It
cannot be said to relate to the remedy, as was urged by the
respondent's counsel. The distinction between laws impairing
the obligation of the contract, and those regulating the reme-
dies upon contracts, has always seemed very clear to my mind.
I expressed my views upon that subject fully in the case of
*Von Baumbach v. Bade*, 9 Wis. 559.

But this law does not relate to the remedy at all. The
appropriate remedy for a refusal to comply with the contract
to issue the deed, is the writ of *mandamus*, which the party
now seeks. If this law had provided for a longer time for the
return of the writ, or in any other way had rendered the pro-
ceeding more dilatory than it was at the time of this tax sale,
I should have no doubt of its validity. It would then relate
to the remedy merely, leaving the right of the party under his
contract untouched. But instead of that, the remedy has not
been changed at all. The act aims directly at the right itself.
The right existed by the contract, but by the act it was de-
stroyed, and could not be acquired again until the expiration
of at least three months. Until the expiration of that time,
he would be in no condition to set any remedy in motion at
all. And during all that time the right of redemption is ex-

tended beyond any power of the holder of the certificate to defeat by obtaining his deed and getting it recorded, as he could have done if his rights under the contract were not interfered with. · This brings the case fully within the decision of this court in *Robinson v. Howe*, 13 Wis. 341.

It seems to me very clear, therefore, that this act, so far as this certificate is concerned, is obnoxious to the objection urged, and that the relator was entitled to his deed.

*By the Court.* — The order appealed from is reversed, with costs, and the cause remanded for further proceedings.