## KEARNS VS. McCARVILLE.

*Constitutional law — Tax deed — Three months' notice — Ch.* 113, *Laws of* 1867.

1. Ch. 113, Laws of 1867 (which requires, under certain circumstances, three months' notice to be given of an application for a tax deed), cannot be applied to a case where a holder of the certificate was entitled to a deed *before* the passage of the act, or in less than three months thereafter.
2. Whether this rule would hold where *the county* was in possession of the certificate at the time the act was passed, is a question not raised in this case.

APPEAL from the Circuit Court for *La Fayette* County.

Ejectment against *Dennis McCarville.* Defendant claimed under a tax deed to Thomas McCarville, dated and recorded May 8, 1867, upon a sale made April 11, 1860. It was admitted that, for six months immediately prior to the date of said tax deed, plaintiff was in actual possession of the land, and that no notice was served upon him that application would be made for the deed. By direction of the court, the jury found for the plaintiff; and from a judgment upon the verdict, defendant appealed.

*P. A. Orton, Jr.,* for appellant, cited *State ex rel. Knox v. Hundhausen,* 23 Wis. 508; and *Osborn v. Jaines,* 17 id. 573.

*Wilson & Weber,* for respondent.

DIXON, C. J. This case presents the same question as that decided in *The State ex rel. Knox v. Hundhausen* (23 Wis. 508), as to the applicability of chapter 113, Laws of 1867, to certificates of sale of lands for unpaid taxes, issued prior to the passage of that act, and as to which certificates the holders were, by the terms thereof, entitled to deeds of the lands before the expiration of

three months from the time the act was passed and published. We held in that case, upon constitutional grounds, that the act was inapplicable to such certificates, because the effect would be to impair the obligation of the contract, by postponing the time of the execution of the deed to a period beyond that fixed by the certificate. This is an action of ejectment by the plaintiff, claiming to be the owner in fee, to dispossess the defendant, who is in possession as the tenant of one Thomas McCarville, who claims title to the land by virtue of a tax deed. The tax deed was given in evidence, and appears to have been executed in pursuance of a sale made on the 11th day of April, 1860, and a certificate issued at that time. The deed was executed and recorded in the office' of the register of deeds, on the 8th day of May, 1867. The act above referred to was published and went into operation on the 17th day of April, 1867. It thus appears that the right of Thomas McCarville to the deed had become absolute, by the terms of the certificate, before the act took effect. The circuit court, however, permitted the plaintiff to give evidence that he was in possession of the land for the six months immediately prior to the time of the execution of the tax deed, and thereupon instructed the jury that the deed was void, because the notice required by the act was not given to the plaintiff. This instruction was erroneous; and for that reason the judgment must be reversed.

Counsel for the plaintiff argued at the bar, that chapter 113 was applicable to this case, because the certificate of sale upon which the deed was executed was, at the time the law was enacted, in the hands of, and owned by, the county of La Fayette. He insisted that the legislature might constitutionally enact that, as to such certificates, which were the property of the public, the notice should be given; but on looking into the record, we find that no such question is presented. It

does not appear that the certificate was in the hands of the county at the time the act was passed, or that the county ever owned it.

*By the Court.* — Judgment reversed, and a *venire de novo* awarded.