CURTIS vs. MORROW and others.

*Tax deed, notice of application for— Validity of ch. 113, Laws of 1867*

1. The decision in *State ex rel. Knox v. Hundhausen*, 23 Wis. 508, adhered to — affirming the validity of ch. 113, laws of 1867, so far as it applies to tax sales made before its passage, where sufficient time remained after its publication to enable the holders of the certificates to give the three months' notice there required before deeds became due by the terms of said certificates.

2. Where an adverse claimant was in actual possession or occupancy of the land more than six months prior to the expiration of the time for redemption (all of which period of six months was after the publication of said act), and no notice was given as the act requires, the deed was invalid.

3. But an actual occupancy for thirty days or more within the last three months preceding the expiration of the time for redemption would not entitle the occupant to such a notice from one who claimed under a tax sale made before the passage of the act.

APPEAL from the Circuit Court for *Brown* County.

Action (commenced in September, 1868), by *Mary Curtis*, as the grantee in a tax deed, to recover possession of the land, and to bar the rights of the original owner and those claiming under him, etc. The deed was made May 12, 1868, on a sale of May 11, 1865, for taxes of 1864; and the land is described as "the north one third of the north half of that tract among the private claims west side of Fox river, called 'vacant strip,' in the county of Brown and state of Wisconsin, containing about 54 $\frac{56}{100}$ acres." The complaint avers that at the time of said sale, the land "was owned by *Elisha Morrow;*" also that Joshua Whitney (who was

named as a defendant) claimed to own a portion thereof, and that *Jonathan Whitney*, *Willard Lamb*, and sundry other persons named as defendants, each claimed an interest in the land under said *Morrow*. The answer of all the defendants except Joshua Whitney avers, among other things, that the land in question was not liable to taxation in 1864, on the ground that the fee was in the United States; that the council of the borough of Fort Howard levied for that year a tax of five mills on the dollar for a road tax without authority of law, and the same was included in the taxes for which the premises were sold; that said council also levied a tax for borough purposes, which was void because there was then no *ordinance* of said borough authorizing it, and for other reasons, and that a certain proportion of said tax was included in the taxes for which said premises were sold; that *Elisha Morrow* was in the actual possession and occupancy of the premises (except those portions thereof which were in the occupancy and possession of his co-defendants herein), for the period of thirty days and more, within six months preceding the expiration of the time for the redemption of said lands from the tax sale mentioned in the complaint, and within six months immediately preceding the time when plaintiff's tax deed was applied for, and that no notice was served upon said *Morrow*, or any of the defendants, by the holder of the tax certificate upon which plaintiff's deed was founded, as required by § 1, ch. 113, Laws of 1867; that the other defendants were in the actual possession and occupancy, as owners, of certain definite portions of the land, for upwards of six months prior to the date of said deed, and none of them had been served with notice as required by said statute; and that defendants had made the deposit required by § 38, ch. 22, Laws of 1859, etc.

On the trial, after the plaintiff had put his tax deed in evidence, the defendants (as the printed case states), "gave in evidence that there was never at any time

during 1864, any *ordinance* passed by the council of the borough of Fort Howard, directing the levying and collecting of any taxes whatever relating to the land in suit, and that there is no general ordinance directing the levy and collection of taxes up to 1864, which was admitted by the plaintiff." They also showed that a borough tax for road purposes of five mills on the dollar was included in the levy of that year, and also a general borough tax.

The court held that the borough of Fort Howard was not authorized, in 1864, to raise a tax for road purposes exceeding one mill on the dollar, and that the sale under which plaintiff claims was void, because the taxes for which it was made included a borough road tax of five mills on the dollar. Upon this ground, without passing upon the other questions raised, the court held that *Morrow*, under whom the other defendants answering claimed, was entitled to a release of all plaintiff's rights to the premises, and to recover of her his costs, and that the money deposited by *Morrow* should first be applied to the payment thereof, and the balance should be paid to the plaintiff. It further held that, inasmuch as the amount of the tax, etc., had been paid into court, the question as to the liability of the land to taxation was not important. Judgment accordingly; from which the plaintiff appealed.

*E. H. Ellis & Hastings* and *J. C. Curtis*, for appellant, as to the authority of the borough of Ft. Howard to levy a five-mill road tax in 1864, cited ch. 76, Laws of 1861. 2. To the point that borough taxes might be levied without a formal *ordinance* for that purpose, they cited Pr. & L. Laws of 1856, ch. 535, secs. 15, 28;* and

---

* Sec. 15 merely empowers the borough council to enact, amend, repeal, etc., "all such rules, by-laws and ordinances for the government and good order of the borough, for the suppression of vice and immorality, preventing fires, promotion of health," etc., etc., as they might deem expedient, and declares the general objects to which the powers of said council shall extend. Sec. 28 provides that, "in discharge of any debt against said borough, or expenditure authorized by the borough council, under the provisions of this act, or ordinance of said council, the borough council shall have power to levy and collect annually a tax," etc., etc.

they contended that sec. 12, ch. 115, Pr. & L. Laws of 1860,* was not designed to work any change in that respect, but merely to prevent the levying of such tax without the assent of a majority of the trustees of the ward in which the land taxed might lie; and that at most the provision as to the passage of an ordinance was merely directory, and the omission to do so would not invalidate the tax. Blackw. on Tax Titles, 263 ; 9 La. 546. 3. Ch. 113, Laws of 1867, is unconstitutional, so far as it relates to tax sales made before its passage. 1 How. (U. S.), 311 ; 2 id. 608 ; 24 id. 461 ; 17 Pet. 28 ; 8 Wheat. 1 ; 13 Wis. 341 ; 18 id. 59. If in any case it is valid when applied to such sales, defendants must allege and show that plaintiff could have given the requisite notice without incurring additional expense and delay. For the officer who issued the deed is presumed to have acted in accordance with the law. R. S., ch. 18, sec. 137, and ch. 138, sec. 7 ; Laws of 1859, ch. 22, secs. 41, 43, 44. He was authorized to issue the deed to this plaintiff in spite of the statute of 1867, if it was manifest to him that she could not have given the notice therein required without incurring additional expense or delay in the fulfillment of her contract. As to the defendant *Morrow*, it does not appear but that the thirty days of his alleged occupancy of the land was the last thirty days of the period for redemption, and of course a three months' notice after that would have postponed a fulfillment of the contract on the part of the state. As to the other defendants, they are admitted to have been in occupation during six months previous to the expiration of the time to redeem. The holder of the certificate was entitled to wait thirty days after the beginning of those six months, to see whether

---

* This act adds certain territory to the borough of Ft. Howard, and divides the borough into two wards. The 12th section is as follows: "No taxes for borough purposes, or for roads and bridges, shall be collected in either ward of said borough, unless the ordinance of said borough directing the levy and collection of such taxes shall receive the assent of a majority of the trustees elected for the ward in which such taxes are to be collected."

a notice would be necessary. He would then have but two months in which to perfect the service of a notice. These notices are to be served like a summons in an action at the circuit. Now, for aught that appears, all the defendants may have resided out of the state. An order of publication must then be procured, which, in the discretion of the judge, might run from six weeks to six months, besides the inevitable expense. And if these facts appeared to the clerk of the board, would he not be authorized to issue the deed without exacting the notice? 4. Counsel further contended that the act of 1867, was void as to *all* holders of certificates of tax sales made before its passage, because it imposed upon them onerous conditions not included in their original contracts. 8 Wheat. 1. 5. They also argued, upon the evidence, that the land was subject to taxation in 1864.

*Neville & Tracy*, for respondents, contended, *inter alia*, 1. That under sec. 12, ch. 115, Pr. & L. Laws of 1860, the borough council could not impose a tax otherwise than by an ordinance. 2. That the lands were not subject to taxation in 1864, but the fee was in the United States. 3. That the tax deed was void for want of service of the notice required by ch. 113, Laws of 1867. *State ex rel. Knox v. Hundhausen*, 23 Wis. 508.

DIXON, C. J. It appears that there was a statute, not cited in the court below, authorizing the council of the borough of Fort Howard to levy a tax of five mills on the dollar valuation, for the purpose of repairing and improving streets, instead of one mill on the dollar valuation, as prescribed by the act of incorporation. Laws of 1861, ch. 76; Pr. Laws of 1856, ch. 535, § 27. This objection, therefore, upon which it is understood that the court below held the tax deed void, does not exist.

And we have carefully considered the several other positions taken by counsel for the plaintiff, and think they are all correct, except the one respecting the consti-

tutionality of the act approved April 10, 1867 (Laws of
1867, ch. 113). We have already decided that act to be
constitutional and valid, so far as it applies to sales made
before its passage, where sufficient time remained after
its passage and publication to enable the holders of cer-
tificates to give the required notice before deeds became
due according to the terms of the certificates. *State ex
rel. Knox v. Hundhausen*, 23 Wis. 508. And such was
the nature of the certificate here. Sufficient time re-
mained for the plaintiff to have given the proper notice,
in case there was any person in the actual occupancy or
possession of the land, as provided by the act, in order
to make the notice necessary. The answer avers that all
of the defendants, except the defendant *Elisha Morrow*,
were in the actual possession and occupancy as owners
of certain definite portions of the land in question, for
upward of six months prior to the date of the deed set
forth in the complaint, and that none of said defendants
were served with the notice required by the act. These
averments of the answer were admitted by the plaintiff
to be true, on the trial. The facts thus shown constitute
an insuperable objection to the validity of the deed as
against all the defendants so in possession of the land.
The notice required by the act should have been given
to them before any deed could lawfully issue cutting off
their titles to the respective portions of the land of which
they were owners.

As to the defendant *Elisha Morrow*, the averments of
the answer (also admitted by the plaintiff on the trial)
respecting his occupancy and possession of the land
owned by him, are very different. They are, that he
"was in the actual possession and occupancy thereof for
the period of thirty days and more, within six months
preceding the expiration of the time for the redemption
of said lands from the tax sale mentioned in the com-
plaint," and "for a period of thirty days and more,
within six months immediately preceding the time when

the deed set forth in the complaint in this action was applied for ; and that no written or verbal notice was served upon him." These averments are like those considered by this court in *State ex rel. Knox v. Hundhausen* (*ante*, p. 196). They fail to show such a possession and occupancy by the defendant *Morrow* as entitled him to service of notice under the act. The act requires the notice to be given at least three months prior to the time when the deed shall be applied for ; and, to enable the holder of the certificate to do this, and to obtain his deed when the time for redemption expires, it is necessary that the actual occupancy or possession for the period of thirty days or more should have commenced at some time prior to the time when the notice is required to be served. An actual occupancy or possession for the last thirty days within the six months immediately preceding the expiration of the time of redemption, or for the period of thirty days or more at any time within the last three months of the six months, would not entitle the owner or occupant to notice. Such may have been the actual occupancy and possession of the defendant *Morrow* here ; and therefore it does not appear that the service of any notice upon him of the time when the deed would be applied for, was required by law.

It follows from these views, that as to the defendant *Morrow* the judgment must be reversed, and a new trial awarded ; but that as to all the other defendants the judgment must be affirmed.

*By the Court.* — It is so ordered.