Dolan vs. Trelevan.

─────────────

## DOLAN VS. TRELEVAN.

EVIDENCE. (1) *Copy of deed; presumption as to original.* TAX DEED. (2) *Construction of deed.* (3, 4) *Notice of application for it.*

31    147
86    413
────────
31    147
101    489
101    585
────────
31    147
e114    ¹212

1. Where a copy of a tax deed, made part of a complaint, did not contain any representation of the seal of the county board, but did contain a recital that the officer executing the deed had caused such seal to be affixed: *Held*, that it must be presumed, on demurrer, that the original deed is duly sealed.

2. Action by a tax title claimant, under ch. 22, Laws of 1859, to foreclose defendant's rights in the *west half* of a certain forty-acre tract. The

tax deed describes the land therein sought to be conveyed as the whole of said forty-acre tract *except* fifteen acres " in the N.E. corner " thereof, and five acres in the north half of the S.E. quarter thereof. *Held,*

(1) That the first exception must be taken to mean a tract of land in the N.E. corner, *in a square form*, containing fifteen acres.

(2) That the five acres excepted being described as in the S.E. quarter of said forty, any uncertainty in such description does not affect plaintiff's title to the *west half* of said forty.

(3) That plaintiff is therefore entitled (upon the facts stated in the complaint) to the relief sought, except as to that portion of the west half of said forty which is included in the fifteen acres above described.

3. Three months' notice of an application for a tax deed is required by ch. 113, Laws of 1867, only when the land has been occupied for thirty days or more within the six months immediately preceding the expiration of the time for redemption from the tax sale.

4. Where, by the terms of the law in force at the time of the tax sale, the tax deed was due in *less* than three months after the act of 1867 took effect, that act does not apply. *Kearns v. McCarville*, 24 Wis., 457.

APPEAL from the Circuit Court for *Fond du Lac* County.

This action was brought under ch. 22, Laws of 1859, by the grantee in a certain tax deed, against the former owner of the land described in such deed, for the purpose of barring the defendant of all right, title, interest or claim in and to such land, or a portion thereof. A copy of the tax deed is inserted in the complaint, but does not have attached to it or upon it a copy of the seal of the board of supervisors, by whose clerk the deed purports to have been executed. It contains, however, the attestation clause, wherein the clerk certifies that he has affixed such seal to the deed. The deed appears to be in the form prescribed by the law of 1859, and the complaint is in the usual form of complaints in actions of like character.

The land claimed by the plaintiff by virtue of the tax deed, and in and to which he seeks by this action to bar and foreclose the interest of the defendant, is described in the complaint as being the west half of the northwest quarter of the northeast quarter of section nine in a certain township and

range. The land which the tax deed purports to convey to the plaintiff is described therein as the northwest quarter of the northeast quarter of the same section, *except* fifteen acres in the northeast corner, and five acres in the north half of the southeast quarter of the northwest quarter of the northeast quarter of said section nine.

The complaint does not aver that any notice of the application for such tax deed was given pursuant to ch. 113, Laws of 1867, as amended by ch. 157, Laws of 1868; neither does it allege that the land was actually occupied at any time.

The defendant demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action; and he appealed from an order overruling the demurrer.

*Knowles & Babcock,* for appellant:

1. The tax deed set out in the complaint is void for uncertainty in the description of the land. The excepted pieces are not intelligibly described so that they can be set off, or the grantee be put in possession. 23 Wis., 103; Blackwell on Tax Titles, 123, 281, 381. 2. A seal is essential to a tax deed. Ch. 22, Laws of 1859, sec. 25; Blackwell on Tax Titles, 365. The complaint purports to set out this deed *in hæc verba,* and does not show that it had a seal. The copy served shows this defect, and that governs. 4 Duer, 448; 5 id., 603; 3 Paige, 280; 5 How. Pr. R., 353; 1 Code R., 43; 1 Burrill's Pr., 354, and cases cited; 2 Till. & Shear. Pr., 7. 3. The complaint is also defective in not showing either that the tax deed was issued upon proof of service of a proper notice on the owner, or that the land was not occupied for thirty days during the six months prior to the expiration of the time for redemption, as required by ch. 113, Laws of 1867, as amended by ch. 157, Laws of 1868.

*Francis & Seeley,* for respondent.

LYON, J. Three objections are made to the complaint: 1. That it does not appear therefrom that the seal of the county

board of supervisors is affixed to the tax deed. 2. That the deed is void for uncertainty in the description of the land which it purports to convey. 3. That the complaint is fatally defective, by reason of its failure to aver compliance with the acts of 1867 and 1868 in respect to giving notice of the application for a tax deed.

I. Had the copy of the tax deed inserted in the complaint contained a scroll with the letters "L. S." or the word "*seal*" written within it, probably no one would question that the copy showed that the original deed had the proper seal affixed to it, although such copy did not contain a *fac simile* of such seal. We think that the certificate of the clerk that he had affixed thereto the seal of the board is as good, if not better, evidence of the fact. Of course, when the deed is produced, if it is found that the attestation is false, and the seal wanting, the deed will be held void, and the plaintiff sent out of court. But until that fact appears, we are constrained to hold that the copy of the deed inserted in the complaint sufficiently shows that the original has affixed to it the proper official seal.

II. There is no uncertainty in the description of the land included in the tax deed, which affects the land claimed in this action. The subject matter of the action is the *west* half of a certain forty-acre lot, or of a certain quarter-quarter section, according to the subdivisions made by the government survey. The tax deed describes the whole forty, and excepts from its operation fifteen acres in the N. E. corner, and five acres in the N. 1-2 of the S. E. corner of the forty-acre lot. The five acres is on the *east* half of the lot. No part of it is upon the land affected by this action, and the description thereof is perfectly definite and certain. The only informality in the description is, that it is said to be *in* the north half of the southeast quarter of the forty, which contains but five acres, when it should have been described as *being* the north half, etc.

As to the exception of fifteen acres. This is to be taken to mean a tract of land in the northeast corner of the forty-

acre lot, *in a square form*, containing fifteen acres. It is the same as though the exception had been of a piece of land in that corner forty-nine rods square.   *Walsh v. Ringer*, 2 Ham. (Ohio), 435.

This takes about two and three-fourths acres from the *west* half of the forty, but does not affect the right of the plaintiff to the balance by virtue of his deed.   It is quite immaterial also that the two excepted tracts include in part the same lands. That fact is not an element of uncertainty affecting the rights of the plaintiff to the balance of the west half of the forty not included within the exceptions.

III.   To the objection that the complaint fails to show a compliance with the requirement of the law of 1867, ch. 113, there are two conclusive answers :

1st. It does not appear that the land was actually occupied for thirty days or more, at any time within the six months immediately preceding the expiration of the time of redemption from the tax sale ; and hence it does not appear that any notice of the intended application for the tax deed was required by law.

2d.   The provisions of that law are not applicable to this case, even though the land was so occupied.   The sale of the land for nonpayment of taxes thereon was made May 10th, 1864, and of course the tax deed was due thereon May 10th, 1867.   The act of 1867 took effect April 17th of that year, or but twenty-three days before the plaintiff was entitled to a deed.   In *Kearns v. McCarville*, 24 Wis., 457, this court held that law inapplicable to a case where the holder of the certificate was entitled to a deed before the passage of the act, or *in less than three months thereafter.*   That decision is decisive on this point.   See also *State ex rel. Knox v. Hundhausen*, 23 Wis., 508 ; *Same v. Same*, 24 id., 196 ; *Curtis v. Morrow*, id., 664.

Upon the whole, we are of the opinion that none of the ob-

jections to the complaint are well taken, and that the circuit court properly overruled the demurrer thereto.

*By the Court.*— Order affirmed.