## SCHEFTELS VS. TABERT.

TAX SALES AND APPLICATIONS FOR TAX DEEDS IN MILWAUKEE: REPEAL OF STATUTES. *(1) Statutes affecting tax sales in Milwaukee. (2) General rule as to repeal of statutes. (3) Case stated: Notice of application for tax deed, and proof thereof. (4) Service and proof of such notice, by whom made.*

1. Ch. 44, Laws of 1870, as modified by sec. 1, ch. 344, P. & L. Laws of 1871, applied to sales of land for delinquent city taxes in the city of Milwau-kee, from the time when those acts took effect until ch. 184 of 1874 (the present charter of that city) went into operation.

2. In general, where an act which revises and consolidates former acts, re-enacts in the same words provisions of such former acts, it is taken to be a continuation of them, although they are expressly repealed by it. [Whether this rule would apply to criminal statutes, is not here con-sidered.]

3. Said ch. 184 of 1874 is a mere consolidation and revision of the various acts then in force, defining the corporate powers of the city of Milwaukee, including the charter of 1852 and subsequent amendments; sec. 27, sub-ch. XVIII, re-enacts in the same words certain sections of the charter of 1852, in respect to the conveyance by tax deed of "lands sold in pur-suance of *this act;*" and there is nothing else in the act which shows a legislative intention that the method of procuring tax deeds should thereafter be different in respect to sales made after and those made before its passage. *Held*, that the words "this act," in said section, must be construed as equivalent to the words "the charter of the city of Milwaukee;" and the provisions of said sec. 27 as to the notice of appli-

cation for a tax deed, and proof thereof, control as to *all* such applications thereafter made.

4. The service of notice of such an application, and the affidavit of such service, may be made by the applicant in person, in the absence of any contrary direction in the statute.

APPEAL from the Circuit Court for *Milwaukee* County.

Ejectment, for a lot of land in the city of Milwaukee. Plaintiff showed title in himself derived from the United States. Defendant was in possession, claiming to be so as the subtenant of one Adolph Piel. Piel claimed title to the lot by virtue of two tax deeds issued by the treasurer of the city of Milwaukee, both bearing date February 24, 1875, and both recorded in the office of the register of deeds of Milwaukee county, February 25, 1875. One deed was issued upon a tax certificate dated February 21, 1871, and the other upon a certificate dated January 30, 1872. Both certificates were issued upon sales for the nonpayment of city taxes, made by the treasurer of said city under the provisions of its charter. This action was commenced on the 23d of February, 1878, and within three years after such tax deeds were recorded.

To impeach the tax deeds put in evidence by defendant, plaintiff introduced in evidence the notices of the applications for such deeds given by Piel to the owner of the lot, and the affidavits of the service of the same.

Plaintiff had a verdict by direction of the court; and defendant appealed from a judgment thereon.

For the appellant, there was a brief by *Jenkins, Elliott & Winkler*, and oral argument by *D. S. Wegg*.

For the respondent, there was a brief by *Nath. Pereles & Sons* and *R. N. Austin*, and oral argument by *Mr. Austin*.

TAYLOR, J. The plaintiff claimed in the court below, and claims in this court, that the tax deeds given in evidence by the defendant were void: *first*, because the notices for the application for such deeds were not properly served; and *sec-*

*ondly*, because there was no sufficient proof of the service of such notices, made and filed with the treasurer of the city.

The proof of the service of the notices of the applications for the tax deeds was made by the grantee named in the deeds, and shows that such notices were served by mail, directed to James Blake, at his residence in the town of Lake in the county of Milwaukee, state of Wisconsin, properly enclosed in an envelope, deposited in the post office in the city of Milwaukee, and the postage paid.

There is no dispute but that said James Blake was the owner of the lot at the time of the service of such notices, and that he remained such owner until long after the tax deeds were issued, nor that he resided in the town of Lake in said county, at the time such notices were mailed to him. The evidence also shows that at the time, and for six months previous to the mailing of such notices, the lot was and had been wholly unoccupied.

Whether such notices were properly served, and whether the proof of such service was properly made, depends upon the construction which must be given to sec. 27 of subchapter 18 of ch. 184 of the laws of 1874. Ch. 184 is entitled, "An act to revise, consolidate and amend the charter of the city of Milwaukee, approved February 20, 1852, and the several acts amendatory thereof." Said sec. 27 of subchapter 18 is as follows:

" Sec. 27. Any tract or lot of land sold in pursuance of this act, or any part thereof, which shall not be redeemed within three years from the day of sale, shall be conveyed by the treasurer to the purchaser or his assigns as herein provided; and the assignee of any tax certificate by indorsement thereon, of any premises sold for taxes by virtue of this act, shall be entitled to receive a deed of such premises in his own name, and with the same effect as though he had been the original purchaser; provided, that it shall not be lawful for the treasurer of the city of Milwaukee to issue tax deeds for

taxes unpaid on any lot, part of lot, or parcel of land in said city of Milwaukee, unless three months' previous notice in writing of the application for such deed shall have been served upon the occupant or occupants thereof, if the same be occupied, and upon the owner or owners thereof if known; and the proof of such service *by affidavit* shall be first furnished to and filed in the office of said city treasurer. Such service may be made personally, or by mailing such notice, with the postage prepaid, to each person required to be served therewith, directed to such person at his place of residence, unless it appears that such residence is not known to the party applying for such tax deed, and cannot with reasonable diligence be ascertained by him. *Like affidavit of service in either case shall be made and filed as is now required by law, of the service of summons in civil actions in this state. No other notice of application for a tax deed shall be necessary in any case, than that required in this section;* and if the treasurer shall issue any deeds for taxes without the foregoing provisions of this section having been complied with, he shall be deemed guilty of a misdemeanor, and upon conviction thereof shall be punished by fine of not less than five hundred dollars nor more than one thousand dollars, and by imprisonment in the county jail for a term not less than six months nor more than one year, and his office shall be deemed vacated."

This section, from its commencement down to the proviso, is an exact transcript of secs. 14 and 15 of subchapter 8 of the city charter of 1852, with the exception of the word "and" after the semicolon in the fifth line, this word being inserted to connect the two sections as they were written in the charter of 1852; and that part of said sec. 27 commencing with the words, "and if the treasurer shall issue any deed," in the tenth line from the end thereof, is an exact transcript of sec. 2 of ch. 344, P. & L. Laws of 1871, except that the words "the treasurer" are substituted for the words, "any

of the officers named in the first section of this act." The officers so named in the first section are the treasurer of the city of Milwaukee and the clerk of the county of Milwaukee.

Ch. 56, Laws of 1852, which is the city charter of 1852, and a large list of other acts passed subsequent thereto, and amendatory thereof, are expressly repealed by sec. 17 of sub-ch. 20 of ch. 184 of the laws of 1874. Such list of repealed acts does not include ch. 344, P. & L. Laws of 1871; but there is a general repealing clause in said sec. 17, which follows the enumeration of the acts expressly repealed, in the following words: "These and all other acts and parts of acts inconsistent with or superseded by this act, are hereby repealed."

It is insisted by the learned counsel for the respondent, that the words, "any tract or lot of land sold in pursuance of this act," with which said sec. 27 commences, limit all the subsequent provisions of said section to sales made after the passage of said ch. 184, Laws of 1874, and that its provisions are not applicable to either of the sales made in 1871 or 1872, upon which the tax deeds in question were issued; and that, as the notices of application for such deeds were given as required in said sec. 27, they were insufficient, either under the general laws of the state applicable to all tax deeds, or under the provisions of sec. 1, ch. 344, P. & L. Laws of 1871, which was only applicable to tax deeds issued by the treasurer of the city of Milwaukee or by the county clerk of said county of Milwaukee; and that the deeds are therefore void.

If said sec. 27 does not apply to these sales, then the only other laws which prescribe the manner of giving notice of the application for tax deeds by the holders of tax certificates, which could by any possibility apply to these tax sales made in the city of Milwaukee by the treasurer thereof, are ch. 44, Laws of 1870, and sec. 1, ch. 344, P. & L. Laws of 1871; and if either of these laws applies to tax deeds issued upon these sales made in 1871 and 1872, then the notices of application

could not be served by mail upon an owner living within the county of Milwaukee, and the notices would be therefore insufficient, and the deeds void. If sec. 1, ch. 344, P. & L. Laws of 1871, is to govern, it would undoubtedly require a personal service, or a service at the place of residence of the owner, if within the county of Milwaukee, and if such owner's name appeared of record in the office of the register of deeds of that county; and if ch. 44, Laws of 1870, then either a like service would be required upon such owner, if living within the county, or it would be necessary to make proof of the nonoccupancy of the lot by any person except the applicant, for six months next preceding the time when the tax deed is applied for, which was not done in this case. If the provisions of said sec. 27 of subch. 18 of the present charter of the city of Milwaukee do not apply to sales made previous to 1874, then ch. 44, Laws of 1870, as modified by sec. 1, ch. 344, P. & L. Laws of 1871, must apply. That ch. 44, Laws of 1870, applied to tax deeds issued upon sales made by the treasurer of the city of Milwaukee, was substantially decided in the *The State ex rel. Knox v. Hundhausen*, 23 Wis., 508. The precise question in that case was, whether ch. 113, Laws of 1867, applied to such sales, and it was held that it did. Ch. 44, Laws of 1870, is simply a reënactment of ch. 113, Laws of 1867, with some slight amendments not at all affecting the question of its applicability to tax deeds issued by city treasurers; and this court would undoubtedly hold that said ch. 44, Laws of 1870, must apply to tax deeds issued by the city of Milwaukee, unless the same has been superseded by said sec. 27 of the present city charter, and except so far as the same has been modified by sec. 1, ch. 344, P. & L. Laws of 1871.

It is unnecessary to discuss the question whether sec. 1, ch. 344, P. & L. Laws of 1871, repealed all the provisions of ch. 44, Laws of 1870, so far as the last named chapter applied to tax deeds issued by either the treasurer of the city of Milwaukee or the county clerk of said county, or whether said sec. 1

simply modified ch. 44, leaving that section to govern in all cases where the owner appearing of record does not reside in said city or county; as we have concluded that a proper construction of the provisions of section 27 of subch. 18 of the present charter renders its provisions applicable to all sales for taxes made by the treasurer of said city, whether made before or after the passage of such charter, and as the question as to the effect to be given to said sec. 1, ch. 344, as applicable to deeds which may be issued by the county clerk of said county, is not involved in this case.

If the provisions of said sec. 27 apply to these deeds, then it is clear that none of the provisions of either ch. 44, Laws of 1870, or sec. 1, ch. 344, P. & L. Laws of 1871, prescribing the notice to be given by the applicant for a tax deed, can apply to a tax deed to be issued by the city treasurer; as the provisions of said section 27, and said charter, clearly repeal all other provisions of law requiring notice to be given to either owner or occupant of the lot or land for which an application for a tax deed is made, except such as is prescribed in said sec. 27. The language of the section upon that point is quite clear and emphatic. After prescribing what notice shall be given upon such application, and what proof of the service of the same must be made, the following language is used: " No other notice of application for a tax deed shall be necessary in any case, than that required in this section."

The only question is the construction which must be given to the words "this act," found at the commencement of said sec. 27.

It is insisted by the learned counsel for the appellant, that these words, as used in that section, should be construed to mean, not only the law there enacted, but also the act of which the law of 1874 was a revision, consolidation and amendment; in other words, these words should have the same construction as would have been given to the act, if,

instead of the words "this act," the words "the charter of the city of Milwaukee" had been used.

The rule of construction applicable to acts which revise and consolidate another act or acts is, that when the revised and consolidated act reënacts in the same words the provisions of the act or acts so revised and consolidated, such revision and consolidation shall be taken to be a continuation of the former acts, although such former acts may be expressly repealed by such revised and consolidated act. This rule has been established and approved by this court in the following cases: *Fullerton v. Spring*, 3 Wis., 667; *Hurley v. Town of Texas*, 20 Wis., 634; *Laude v. The Chicago & N. W. R'y Co.*, 33 Wis., 640; and *Glentz v. The State*, 38 Wis., 549–554; and it was enacted as a rule of construction applicable to the R. S. of 1878. (See sec. 4985.) Whether this court will follow this rule when applied to criminal statutes, it is not necessary to decide in this case. The rule is certainly fully established as applicable to laws not involving punishment for crimes. This court has also decided that when a law which was originally enacted as one chapter, is afterwards broken up and scattered through different chapters of a revision of the laws, the provisions of the different chapters in which the same is found must receive the same interpretation as when they constituted but one chapter. *Buckstaff v. Hanville*, 14 Wis., 77; *State v. Messmore*, id., 115; *Smith v. Smith*, 19 Wis., 522–3. It would seem to follow from this rule of construction, that when several acts are consolidated into one act, the provisions of the several acts found in the consolidated act should receive the same construction as they would as separate acts, in the absence of anything in the consolidated act showing that a different construction was intended to be given to them.

Applying these rules of construction to said section 27, it would seem clear that the words "this act" must have the

same signification that they had in the charter of 1852; that the provisions of the charter of 1852, so far as they were reënacted in the consolidated charter of 1874, were but a continuation of the provisions of the charter of 1852; and that sâles, therefore, made under the provisions of the charter of 1852 are within the meaning of the words " under this act," as found in said sec. 27 of the charter of 1874.

An argument is made against this construction from the fact that ch. 344, P. & L. Laws of 1871, was not expressly repealed by the repealing section of the consolidated charter of 1874. There would be some force in this argument had said chapter 344 related solely to tax sales made by the treasurer of the city of Milwaukee. It is evident that this chapter 344 was considered by the parties who prepared the act of 1874, as they embodied as a part of said sec. 27 the whole of section 2 of said ch. 344, so far as that section relates to the city of Milwaukee, making use of the exact language of the section. That this chapter was not expressly repealed by the repealing section of ch. 184, Laws of 1874, is accounted for by the fact that its provisions relate to tax deeds which might be issued by the county clerk upon sales made by him for the nonpayment of taxes, as well as to those made by the city treasurer. It was undoubtedly omitted in the repealing section from the list of acts expressly repealed, because it was not thought desirable to repeal that part of it which relates to tax deeds to be issued by the county clerk of said county.

As it was entirely competent for the legislature to prescribe a different method of giving notice of the application for a tax deed upon tax sales made as well before as after the enactment of the revised charter of 1874, so long as the change in the method of giving the notice did not deprive the holder of the tax certificate of the power of acquiring a tax deed within the same time he could have acquired it under the law as it existed at the time of his purchase at the tax sale, it is reasonable to presume that it was intended that the same rule

should apply to all tax deeds, rather than that there should be two methods, one applicable to sales made before, and the other to sales made after, the enactment of the new charter. As there is nothing in the charter of 1874 which clearly indicates that the legislature intended that a method of acquiring tax deeds should be pursued where the sales were made before the passage of that charter, different from that which is clearly required to be pursued upon sales made after its passage, and in view of the rules above shown to be applicable to the construction of acts revising and consolidating previous existing laws, we hold that the true construction of said section 27 renders it applicable to all sales for taxes made by the treasurer of said city, irrespective of the time of sale.

There does not appear to be any force in the objection that the proof of service of notice was made by affidavit, as the section above referred to expressly provides that the proof of service may be made by affidavit; neither is there any objection to the proof being made by the affidavit of the party making application for the deed. The statute does not prescribe who shall serve the notice, and, in the absence of any law prohibiting it, the rule is that when the law requires a notice to be given by any person, such notice may be served by such person himself as well as by a third person. It is urged that the provision in said section which prescribes that like affidavit of service of such notice shall be made and filed as is now required by law of the service of summons in civil actions in this state, requires the affidavit to be made by some person other than the applicant. We think that provision refers to the substance of the affidavit of service which must be made, and not to the person who may make the same. There is apparently no good reason for prohibiting the applicant from making either the service of the notice or the proof of such service, as the fact of the service and the manner of making the same may always be inquired into for the purpose of impeaching the tax deed issued to such applicant.

We are inclined, therefore, to hold that the applicant may make the service and the proof thereof, in person.

Upon the evidence before the court below, we are of the opinion that the tax deeds offered in evidence by the defendant were *prima facie* evidence of title in the defendant; that the evidence offered by the plaintiff did not impeach their validity; and that the court erred in directing a verdict for the plaintiff.

*By the Court.* — The judgment of the circuit court is reversed, and the cause remanded for a new trial.